Jorge **PEREZ–RODRIGUEZ,**
Petitioner—Appellant,

v.

**IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent—Appellee.**

No. 01–15699.
D.C. No. CV–99–1282 LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2002 *.

Decided May 6, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before HUG, CUDAHY,** and
TASHIMA, Circuit Judges.

MEMORANDUM ***

Jorge Perez–Rodriguez ("Perez"), an
"excludable" alien who has been held in
detention since June 1998 because Cuba,
his nation of citizenship, will not accept his
repatriation, appeals the district court's
denial of his habeas petition. He contends
that his prolonged detention is a violation
of his due process rights and international
law. We have jurisdiction over this appeal
pursuant to 28 U.S.C. §§ 1291 and 2253,
and we affirm.

■ As an "excludable" alien from Cuba
found deportable for criminal activity and
being detained pending his deportation,
Perez "has no constitutional right to immi-
gration parole and, therefore, no right to
be free from detention pending his depor-
tation." *See Barrera–Echavarria v. Ri-
son*, 44 F.3d 1441, 1448 (9th Cir.1995) (en
banc). While aliens who have "entered"
the United States " 'may be expelled only
after proceedings conforming to traditional

standards of fairness encompassed in due
process law,' " excludable aliens have nev-
er legally "effected entry into this country"
and have "no procedural due process
rights regarding [their] admission or ex-
clusion." *Id.* at 1448–49 (quoting *Shaugh-
nessy v. Mezei*, 345 U.S. 206, 212, 73 S.Ct.
625, 97 L.Ed. 956 (1953)). Therefore,
"[w]hatever the procedure authorized by
Congress is, it is due process as far as an
alien denied entry is concerned." *Id.* at
1449 (internal quotation marks and cita-
tions omitted). Furthermore, "[b]ecause
excludable aliens are deemed under the
entry doctrine not to be present on United
States territory, a holding that they have
no substantive right to be free from immi-
gration detention reasonably follows." [1]
*Id.* at 1450. Perez's detention is therefore
constitutional under *Barrera–Echavarria*
and *Mezei*.

■ The district court also did not err
in holding that Perez's continued deten-
tion, authorized under valid Congressional
enactments displaced the rules of interna-
tional law against prolonged and arbitrary
detention. "[W]e are bound by a properly
enacted statute, provided it be constitu-
tional, even if that statute violates interna-
tional law." *Alvarez–Mendez v. Stock*, 941
F.2d 956, 963 (9th Cir.1991). Therefore,
where, as here, valid Congressional enact-
ments, such as 8 U.S.C. § 1231(a)(6),[2] can-
not be fairly reconciled with provisions of
international law, the Act of Congress su-

** The Honorable Richard D. Cudahy, United
States Circuit Judge for the Seventh Circuit,
sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided in
Ninth Cir. R. 36–3.

1. Also, as in *Barrera–Echavarria*, 44 F.3d at
1450, Perez is not subject to indefinite or
permanent detention because his case is sub-
ject to annual review under the Cuban Review
Plan. *See* 8 C.F.R. § 212.12.

2. This principle applies with equal force to
the "combination of 'controlling acts' of the
legislative, executive, and judicial branches"
that were found to authorize continued deten-
tion of a similarly undeportable, excludable
alien for an extended period of time in *Bar-
rera–Echavarria*, 44 F.3d at 1451. The rele-
vant legislative enactments were 8 U.S.C.
§§ 1225(b), 1227(a)(1), 1182(d)(5)(A), and
1226, as they existed prior to IIRIRA's imple-
mentation. *See Barrera–Echavarria*, 44 F.3d
at 1445–48.

percedes the rule of international law. *See Barrera–Echavarria*, 44 F.3d at 1450–51; *see also Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1114 n. 30 (9th Cir.2001).

Accordingly, the judgment of the district court denying Perez's petition for a writ of habeas corpus is

AFFIRMED.